PEOPLE *v.* GATEWOOD.

1. APPEAL AND ERROR—CRIMINAL LAW—BREAKING AND ENTERING IN THE NIGHTTIME—MOTION FOR NEW TRIAL—AVAILABILITY OF TRANSCRIPT—SETTLED RECORD.

Denial of motion for new trial in criminal case where defendant was convicted of and sentenced for the offense of breaking and entering in the nighttime, where the motion was based on the ground that the trial transcript was unavailable to the defendant, *held,* not an abuse of discretion, where record shows no attempt on part of defendant to compile a settled record (CL 1948, § 750.110; GCR 1963, 812.2[b]).

2. NEW TRIAL—COURT RULES—STENOGRAPHIC RECORD—SETTLED RECORD.

Court rules. require that where no stenographic record of proceedings in trial court are available to one seeking a new trial, a settled record *shall* be used in lieu thereof (GCR 1963, 812-.2[b]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  4 Am Jur 2d, Appeal and Error § 411 *et seq.*

Appeal from Genesee; McGregor (Louis D.) and Papp (Elza), JJ. Submitted Division 2 November 9, 1966, at Lansing. (Docket No. 1,554.) Decided December 22, 1966.

Charles Gatewood was convicted of breaking and entering in the nighttime. Motion for new trial denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Edward G. Henneke,* Assistant Prosecuting Attorney, for the people.

*A. Glenn Epps,* for defendant.

QUINN, P. J. January 16, 1964, defendant was convicted by jury verdict of the offense of breaking and entering in the nighttime in violation of CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). March 17, 1964, defendant was sentenced to prison for a term of 7-1/2 to 15 years. Appellate counsel was appointed November 12, 1964, and February 10, 1965, the trial court ordered transcription of the trial testimony. The court reporter who took such testimony died February 11, 1965, and although his notes are available, it is claimed no one can transcribe them. On this basis, defendant moved the trial court for leave to file a motion for a new trial which was denied September 7, 1965. On leave granted, defendant appeals.

The precise question for decision is whether the trial court abused its discretion in denying the motion for leave to file a delayed motion for new trial, which motion was based on the sole ground of alleged unavailability of the trial transcript.

GCR 1963, 812.2(b) provides in part:

. "Where there is no stenographic record of the proceedings in the trial court, a settled record *shall* be used in lieu thereof as provided in rule 705."

There is no showing of an attempt to comply with this rule by defendant. The trial judge, prosecuting attorney, and defense counsel in the person of appellate counsel are all available to provide a settled record. We find no abuse of discretion on the part of the trial judge.

Affirmed.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.