### PEOPLE v. SHARP.

1. CRIMINAL LAW—FORMER JEOPARDY.
   Both the Federal and State Constitutions prohibit placing a person twice in jeopardy for the same offense (US Const, Am 5; Mich Const 1963, art 1, § 15).

2. SAME—FORMER JEOPARDY—HOMICIDE—ASSAULT AND BATTERY.
   No double jeopardy attaches where defendant is tried for assault and battery, and subsequently after the victim dies is tried for murder since at the time of the trial for assault and battery the death had not ensued, and not until it did was the homicide committed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 166.
[2] 21 Am Jur 2d, Criminal Law § 186.
   Acquittal on homicide charge as bar to subsequent prosecution for assault and battery, or vice versa. 37 ALR2d 1068.
[3–5] 21 Am Jur 2d, Criminal Law § 217.
   Doctrine of res judicata in criminal cases. 147 ALR 991.
[6] 4 Am Jur 2d, Appeal and Error § 411.
   Death or disability of court reporter before transcription or completion of notes or record as ground for new trial or reversal. 19 ALR2d 1098.
[7] 21 Am Jur 2d, Criminal Law § 313.
[8] 5 Am Jur 2d, Appeal and Error §§ 937, 938; 21 Am Jur 2d, Criminal Law § 217.

3. JUDGMENT—RES JUDICATA.
    Judgment of court of competent jurisdiction upon a point is, as a plea, a bar, or as evidence, conclusive between the same parties, or their privies, upon the same matter directly in question in another court, and no matter once litigated and determined, by proper authority, shall a second time be brought in controversy between the same parties or their privies.

4. CRIMINAL LAW—RES JUDICATA.
    The doctrine of *res judicata* is recognized in this State in criminal law.

5. SAME—JUDGMENT—RES JUDICATA.
    Prosecution for first-degree murder, which requires specific intent, after a former conviction of assault without intent to commit murder on the same facts, *held*, error, because the element of intent is negated by principles of *res judicata* (CL 1948, §§ 750.81a, 750.316).

6. APPEAL AND ERROR—TRANSCRIPT—NEW TRIAL.
    Unavailability of trial transcript due to death of court reporter is not necessarily grounds for a new trial (GCR 1963, 812.2[6]).

7. CRIMINAL LAW—PRELIMINARY EXAMINATION—ADVICE OF COUNSEL.
    Advice of counsel on preliminary examination was permissible under former court rule, but not mandatory (Court Rule No 35A[1945]).

8. SAME—AGGRAVATED ASSAULT—MANSLAUGHTER.
    Conviction of first-degree murder, arising out of same set of facts as former conviction, before death of victim, of aggravated assault, is changed to conviction of manslaughter, the most severe charge of which defendant could have been convicted because of principles of *res judicata*, and cause remanded to trial court for proper sentence for manslaughter (CL 1948, §§ 750.81a, 750.316, 750.321).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 June 8, 1967, at Grand Rapids. (Docket No. 2,511.) Decided December 5, 1967.

Richard Sharp was convicted of first-degree murder. Delayed appeal granted. Sentence vacated, and

case remanded with instructions to sentence defendant for crime of manslaughter.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William J. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Joseph V. Lutomski (Kenneth A. Webb,* of counsel), for defendant.

McGREGOR, J.    Defendant was involved in an altercation with Ben Robinson on June 1, 1951. He was charged with felonious assault with a deadly weapon,[1] a wooden table leg. At commencement of trial on July 2, 1951, a second count to the information was added, charging aggravated assault, a misdemeanor.[2]    Thereupon, the defendant pled guilty to the misdemeanor of aggravated assault, and on July 16, 1951, was sentenced to serve 10 months to 1 year in prison.    Subsequently, on August 29, 1951, Ben Robinson died as the result

---

[1] CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

[2] CL 1948, § 750.81a [Stat Ann 1962 Rev § 28.276(1)].

"Any person who shall assault another without any weapon and inflict serious or aggravated injury upon the person of another without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail or the state prison for a period of not more than 1 year, or fine of $500.00, or both."

Information for assault was issued against the defendant: "RICHARD SHARP, late of the city of Detroit, county and State aforesaid, not then and there being armed with a dangerous weapon, did assault on Ben Robinson and did inflict a serious and aggravated injury, to-wit: fracture of the skull, upon him, the said Ben Robinson, without intending then and there to commit the crime of murder and without intending then and there to inflict great bodily harm less than the crime of murder upon the said Ben Robinson."

of defendant's attack, the same incident that was the basis of the above assault conviction.

On October 19, 1951, defendant was charged with murder languishing, or murder in the first degree.[3] Defendant was not represented by counsel at the preliminary examination nor at the arraignment on the information. Then, the court appointed counsel who moved to quash the information on the ground of former, or double jeopardy. The motion was heard and denied. A trial was had and the defendant was found guilty of murder in the first degree. He was sentenced to life in prison, as required by the statute. The record shows that the court reporter at defendant's trial is now dead, and that no other reporter can transcribe the notes, and consequently, there is no transcript.

Defendant *in propria persona,* on November 6, 1952, filed a habeas corpus petition in the trial court, claiming double jeopardy, which was denied on February 16, 1953. Subsequently, he sought habeas corpus in the Supreme Court, which was denied on June 8, 1953. Certiorari was refused by the United States Supreme Court, November 16, 1953. In 1965, after an indigency determination, present counsel was appointed. A motion for a new trial was then made and denied. Defendant's application for delayed appeal was granted by this Court with a request that the parties include in their briefs argument on the issues of *res judicata* effect of the prior conviction of defendant under CL 1948, § 750.81a upon the element of intent to commit murder in the later charge.

It is the defendant's contention that the people of the State of Michigan, having once issued the information of felonious assault against him, are estopped from subsequently issuing an information

---

[3] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

for murder in the first degree, resulting from the same assault, insisting that the terms thereof are completely inconsistent with the terms of the felonious assault information. Defendant further contends that the allegation in the information for felonious assault "without intending then and there to inflict great bodily harm" and the allegation that "without intending then and there to commit the crime of murder" are completely inconsistent with the information in the instant case, and that, in view of the fact that he had previously entered a plea of guilty to the offense of aggravated assault which was accepted by the trial court, the most severe charge which could have been subsequently made against him would have been the crime of manslaughter, as the terms thereof are not inconsistent with the terms of the offense of aggravated assault.

Defendant's appeal raises five questions: (1) Was the defendant twice put in jeopardy for the same offense? (2) Was his former conviction of assault without intent to commit murder *res judicata* on the question of the intent to commit murder? (3) Is the defendant entitled to a new trial because of the unavailability of the trial transcript due to the death of the court reporter? (4) Was it error that the defendant was not represented by counsel at the time of arraignment on the information, when a plea of guilty was entered? (5) Was it error that the defendant was not represented by counsel at the preliminary examination?

Both the Federal and State Constitutions prohibit placing a person twice in jeopardy for the same offense. US Const, Am 5; Mich Const 1963, art 1, § 15. The United States Supreme Court has held in a case where the defendant was convicted of assault and battery before a justice of the peace and then the victim died, it was permissible to try him for homicide.

"The homicide charged against the accused in the court of first instance and the assault and battery for which he was tried before the justice of the peace, although identical in some of their elements, were distinct offenses both in law and in fact. The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense." *Diaz* v. *United States* (1911), 223 US 442 at 448, 449 (32 S Ct 250, 56 L ed 500, Ann Cas 1913C, 1138).

Therefore, former jeopardy is not a bar to this prosecution.

Defendant contends that his first charge of felonious assault and his subsequent conviction for aggravated assault is *res judicata* on the question of intent to commit murder. The general rule of *res judicata* is:

" 'That the judgment of a court of competent jurisdiction directly upon the point is, as *a plea, a bar,* or as *evidence* conclusive, between the same parties, or their privies, upon the same matter directly in question in another court, and that no matter once litigated and determined by proper authority, shall a second time be brought in controversy between the same parties or their privies [citing cases]. Such has ever been the rule, and although the object and the subject matter of the two suits or proceedings be different, yet the judgment of a court of competent jurisdiction upon a particular *matter, fact* or *point,* once litigated and determined, is conclusive between parties, or their privies.' " *Knibbe* v. *City of Warren* (1966), 2 Mich App 241, 244.

Michigan has recognized the doctrine of *res judicata* in criminal prosecutions. *People* v. *Albers* (1904),

137 Mich 678, cited in 147 ALR 992, and 1 Wharton's Criminal Law and Procedure, § 174, p 406.

In the case at bar defendant timely raised the earlier conviction as a bar to the prosecution for murder. He pointed up the inconsistency of a charge of first-degree murder, which requires specific intent, and the former conviction of assault without intent to murder. The trial court erred in allowing the question of intent to go to the jury. The most severe charge of which the defendant could have been guilty was manslaughter.

The unavailability of the trial transcript due to the death of the court reporter is not necessarily grounds for a new trial. GCR 1963, 812.2(b) provides in part:

"Where there is no stenographic record of the proceedings in the trial court, a settled record should be used in lieu thereof as provided in rule 705."

There is no showing of an attempt to comply with this rule by defendant. See *People* v. *Gatewood* (1966) 5 Mich App 470.

The defendant cites Court Rule No 35A (1945), of the Michigan Court Rules,[4] in effect at that time, in support of his right to have an attorney to represent him at his arraignment. This rule concerns itself with the obligation of the trial court at the arraignment on information to apprise the accused *before he pleads* of his right to counsel, at public expense if necessary. The accused did not express a desire to plead guilty, in fact, he entered a plea of not guilty, and upon being informed of the indigency of the defendant, the court assigned counsel to the defendant. At the time defendant's preliminary examination was conducted, representation of a defendant by an attorney was permis-

---

[4] Effective September 1, 1947; see 318 Mich xxxix, xl.

sible but not mandatory. *People* v. *Podolski* (1952), 332 Mich 508.

Defendant cites no applicable authority to support his allegation that he was denied due process because he was not represented by counsel at his examination. Any defense that he had could be raised at any time after counsel was appointed. In addition thereto, defendant failed to show any prejudice resulting from his lack of counsel at these preliminary stages.

Therefore, it is concluded that the proper disposition of this case is to set aside the sentence and to remand the defendant to the trial court, with instructions to sentence the defendant for the crime of manslaughter.[5]  *People* v. *Farrell* (1906), 146 Mich 264, 272.

Remanded for proceedings consistent with this opinion.

HOLBROOK, P. J., and BURNS, J., concurred.

---

[5] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).