PEOPLE v. BENNETT

1. CONSTITUTIONAL LAW—CRIMINAL LAW—APPEAL AND ERROR—CRIMINAL CONVICTIONS—APPEAL AS MATTER OF RIGHT.

Persons convicted of crimes now have a constitutional right of appeal, and are entitled to the appointment of appellate counsel and to be furnished with their trial transcripts if they are indigent (Const 1963, art 1, § 20).

2. APPEAL AND ERROR—TRIAL—ABSENCE OF STENOGRAPHIC TRANSCRIPT—SETTLED RECORD—COURT RULE.

A settled record of a trial shall be filed with the Court of Appeals when there is no stenographic record of the trial court proceedings (GCR 1963, 812.2[b]).

3. APPEAL AND ERROR—NEW TRIAL—CRIMINAL LAW—ABSENCE OF TRIAL TRANSCRIPT—SETTLED RECORD—COURT RULE.

A defendant is not entitled to a new trial when he cannot obtain a transcript of his original trial for review simply because the court reporter at defendant's trial has died and that reporter's notes cannot be located where the trial judge, the prosecutor, and the defense attorney are all alive and the appellate court, upon remand of the case, has instructed the parties to settle the record pursuant to court rule (GCR 1963, 812.2[b]).

Appeal from Chippewa, George S. Baldwin, J. Submitted Division 3 May 5, 1969, at Marquette. (Docket No. 5,497.) Decided November 25, 1969. Leave to appeal denied February 5, 1970. See 383 Mich 765.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 267:
[2, 3] 4 Am Jur 2d, Appeal and Error §§ 411–413.
[3] 5 Am Jur 2d, Appeal and Error § 977.

Calvin Bennett was convicted by a jury of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Farrell E. Elliott,* Prosecuting Attorney, for the people.

*Veum & Veum,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

R. B. BURNS, J. February, 1956, defendant was convicted by a jury of second-degree murder (MCLA § 750.317 [Stat Ann 1954 Rev § 28.549]) and sentenced to 10 to 40 years' imprisonment. Beginning in 1957, while the reporter was still alive, defendant made various requests for a transcript, which included writing to the Clerk of the Supreme Court, but he never received a transcript.

Before the adoption of our Michigan Constitution of 1963, the defendant did not have an absolute right to appeal his conviction, nor were there provisions for appointment of appellate counsel or for the furnishing of transcripts to indigents. Const 1963, art 1, § 20 gave persons convicted of crimes an absolute right to appeal the conviction, and procedures were adopted for the appointment of appellate counsel and for furnishing transcripts to indigent defendants.

Defendant was released on parole on three different occasions. He was paroled in May, 1962, and returned to prison as a parole violator a year later. He was paroled a second time in February, 1964, and again returned as a parole violator in November, 1964. He was paroled a third time in

September, 1965, and returned as a parole violator in May, 1966.

Defendant claims he was not aware of his right to appellate counsel until 1967, and he requested counsel March 27, 1967, about a month and a half after the reporter's death on February 8, 1967. The reporter's notes could not be located and defendant claims that because he cannot obtain a transcript of the original trial for review, he is entitled to a new trial.

Oral argument was heard during the May, 1969 term of this Court. The trial judge, prosecutor, and defense attorney were all alive and the case was remanded to the circuit court with instructions to the parties to attempt to settle the record in the cause pursuant to GCR 1963, 812.2(b), which states in part, "Where there is no stenographic record of the proceedings in the trial court, a settled record shall be used in lieu thereof * * *"

The settled record has been submitted to this Court and after a review of it, we find no error.

Affirmed.

All concurred.