PEOPLE v. DREW

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—TRUTH OF CONFESSION.

   The truth or the circumstantial probability of the truthworthiness of statements in a confession are not to be considered when determining the confession's voluntariness; consideration of these factors is reversible error.

2. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—REHEARING.

   A rehearing to determine the voluntariness of the defendant's confession should be held where the trial judge had considered the truth of the statements in the confession when deciding whether the confession was voluntarily made.

3. CRIMINAL LAW — CONFESSION — VOLUNTARINESS — REHEARING — JUDGES.

   The presiding judge of the circuit in which the defendant was convicted should designate a judge, other than the judge who had originally determined the voluntariness of the defendant's confession, to conduct a rehearing concerning the voluntariness of the defendant's confession where in the original hearing the truth of the statements had been considered.

4. CRIMINAL LAW—DELAYED APPEAL—TRANSCRIPT—UNAVAILABILITY.

   A criminal defendant, convicted when there was no appeal of right in criminal cases, is not automatically entitled to a new trial even though the state, after a good-faith effort, cannot physically provide a transcript of his trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]   29 Am Jur 2d, Evidence § 585.
[2, 3]  29 Am Jur 2d, Evidence § 590.
[4–7]  39 Am Jur, New Trial §§ 6, 154.

5. CRIMINAL LAW—DELAYED APPEAL—TRANSCRIPT—UNAVAILABILITY
   —HEARING.

   A criminal defendant, convicted when there was no appeal of
   right in criminal cases, although not automatically entitled
   to a new trial on the ground that it is physically impossible
   to produce a transcript of his trial, may offer proofs in
   support of his assertions of errors at the trial.

6. CRIMINAL LAW—TRANSCRIPT—UNAVAILABILITY—HEARING.

   Trial court should hear testimony of witnesses before aban-
   doning all efforts to transcribe stenographic notes of the
   trial in which a defendant was convicted, even though the
   parties had stipulated that the notes of the stenographer
   could not be deciphered and an order finding that the notes
   could not be transcribed had been entered by the trial court,
   where the court had not held a hearing on whether the
   notes are transcribable.

7. CRIMINAL LAW—TRANSCRIPT—UNAVAILABILITY—NEW TRIAL.

   A trial judge will be ordered to hear testimony on the assertions
   of a defendant convicted when there was no appeal of right
   in criminal cases, to make findings concerning the truth of
   the assertions, and to decide whether to grant defendant's
   motion for a new trial if, after all efforts to transcribe the
   stenographic record of the trial have been made, the record
   cannot be deciphered.

Appeal from Oakland, Frank L. Doty and Robert
L. Templin, JJ. Submitted Division 2 November 10,
1969, at Lansing. (Docket No. 6,608.) Decided
August 28, 1970.

Edward L. Drew was convicted of first-degree
murder. Defendant appeals by leave granted. Re-
manded for further proceedings consistent with
opinion.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Thomas G. Plunkett*,
Prosecuting Attorney, *Dennis Donohue*, Chief Ap-

pellate Counsel, and *Edward Sosnick,* Assistant
Prosecuting Attorney, for the people.

*David F. Breck,* for defendant on appeal.

Before: LEVIN, P. J., and T. M. BURNS and DAN-
HOF, JJ.

LEVIN, P. J.   Edward L. Drew appeals on leave
granted from his 1958 conviction of first-degree mur-
der.[1]   Among other issues, he challenges the trial
judge's determination, following a post-conviction
*Walker*[2] hearing, that his pretrial confessional state-
ments, admitted in evidence at his trial, were volun-
tary.   In concluding his bench-dictated statement of
his findings of fact, the judge said:

> "In fact, there is quite a bit of repetition in the
> statement materially consistent to the fact, in the
> court's opinion, that the defendant indeed did com-
> mit the shooting, commit the killing.
> "Accordingly it is the ruling of the court that the
> prosecution has well sustained its burden of proof
> in proving beyond a reasonable doubt[3] the volun-
> tariness of the confession of the defendant, Edward
> Drew."

In considering as a factor in his appraisal of
the voluntariness of the statements their truth or
the circumstantial probability of their being trust-
worthy, the trial judge reversibly erred.[4]   Accord-
ingly, we remand for another hearing with instruc-

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

[2] *People* v. *Walker* (*On Rehearing,* 1965), 374 Mich 331.

[3] See *People* v. *Huntley* (1965), 15 NY2d 72 (204 NE2d 179,
183).

[4] *Rogers* v. *Richmond* (1961), 365 US 534, 543, 544 (81 S Ct 735,
5 L Ed 2d 760); *Jackson* v. *Denno* (1964), 378 US 368, 376, 377 (84
S Ct 1774, 12 L Ed 2d 908, 1 ALR3d 1205); *People* v. *Hummel*
(1969), 19 Mich App 266, 271, 272.

tions as in *People* v. *Hummel* (1969), 19 Mich App
266, 272:

"Under the circumstances of this case we deem
it advisable that some other judge of this multi-
judge circuit conduct the rehearing. It is ordered
that the presiding judge of the circuit designate the
judge for the rehearing."

Before the new hearing, the prosecutor, who has
the burden of establishing the voluntariness of the
confession,[5] shall make a further effort to locate the
missing police witnesses and they shall either be
produced or a satisfactory explanation made for
their nonproduction.[6]

When the defendant was convicted in 1958, a writ
of error to review a criminal conviction did not issue
as a matter of right but only in the discretion of the
Supreme Court or a justice of the Court.[7] The 1963
Constitution established "an appeal as a matter of
right" in criminal prosecutions.[8] GCR 1963, 785 was
amended, effective August 1, 1964, to provide for
delayed appeal in criminal cases on leave granted[9]
and to require the furnishing of a free transcript
and the assignment of counsel at State expense to an
indigent convicted person. An order was entered by
the trial court on February 10, 1967, appointing
counsel for Drew and directing that he be furnished
a free transcript.[10]

The court reporter at his trial was unable, how-
ever, because of illness, to transcribe the steno-

[5] *People* v. *Zeigler* (1960), 358 Mich 355, 364; *People* v. *Allen*
(1967), 8 Mich App 408, 411.
[6] *Cf. People* v. *O'Dell* (1968), 10 Mich App 87, 94, 95; *Hurd* v.
*People* (1872), 25 Mich 405, 416.
[7] CL 1948, § 770.3.
[8] Const 1963, art 1, § 20.
[9] 373 Mich xvii; GCR 1963, 806.
[10] This was before the adoption of an amendment to GCR 1963,
785.4 (379 Mich xxviii) or its repeal (379 Mich xxx); see *Jensen*
v. *Menominee Circuit Judge* (1969), 382 Mich 535.

graphic record of the trial proceedings. A number of other stenographers to whom her notes were submitted said they could not transcribe them. The lawyers for the people and the defendant have stipulated that her notes are not decipherable. The judge entered an order on November 24, 1967 finding that the notes cannot be transcribed and that it is impossible to settle the record.[11] The defendant contends that he should not be deprived of appellate review because of the inability of the people to furnish a transcript of the trial proceedings and that he is, therefore, entitled to a new trial.

Upon direct appeal the unavailability of a transcript of the trial might so impede enjoyment of a defendant's Michigan constitutional right of appeal that a new trial might have to be ordered as a matter of course.[12] This is not, however, a direct appeal, albeit perhaps no fault of Drew's who was convicted at a time when there was no right of appeal in a criminal case.

It is now over 12 years after the crime was committed. Witnesses may not be available for a retrial. The memories of those who can be produced are bound to be somewhat hazy and subject to challenge on that ground. In such a case we think that a proper balancing of the exigent vicissitudes, of the rights of a convicted person to pursue delayed post-conviction remedies and of the people to present their evidence against accused persons, requires a less rigid rule than that contended for by Drew.[13]

---

11 In *People* v. *Sharp* (1967), 9 Mich App 34, 40, and *People* v. *Gatewood* (1966), 5 Mich App 470, we said that if a transcript is unavailable because of the death of the court reporter the parties should, in accordance with GCR 1963, 812.2(b), attempt to settle the record.

12 *Cf. People* v. *Frechette* (1968), 380 Mich 64, 73, where a defendant convicted in 1935 had twice moved unsuccessfully to have the record preserved.

13 See 5 Am Jur 2d, Appeal and Error § 977; Death or disability of court reporter before transcription or completion of notes or

In *People* v. *Carson* (1969), 19 Mich App 1, 7, where, as here, the post-conviction proceeding followed by many years (there over 30 years) the defendant's conviction, we said that "the unavailability of the transcript of the proceedings at which an accused person was convicted [does not] necessarily affect the validity of his conviction. The failure of the State to provide a transcript when, after good-faith effort, it cannot physically do so, does not automatically entitle a defendant to a new trial." We held that in such a case "the defendant may offer proof in support of his assertions of what occurred when he was convicted."

Drew asserts

1) The judge told the jury that "because this man did not take the witness stand on his own behalf he is guilty."[14] A police detective and the then prosecutor filed affidavits stating to the best of their recollections that the judge did not make any adverse comment on the defendant's failure to take the witness stand.

2) The jury's verdict, says the defendant, was, "We find the defendant guilty." The judge's short-book entry was "guilty." The journal or docket entry was: "Verdict of guilty of murder in the first degree returned." Drew's trial attorney filed an affidavit stating that he does not recall whether the foreman announced the verdict as "guilty" or "guilty of first-degree murder."[15]

---

record as ground for new trial or reversal, 19 ALR2d 1098 (see, also, earlier annotations there cited), from which it appears that in both criminal and civil cases the courts have taken a flexible approach even, in some cases, upon direct appeal. *Cf. Jensen* v. *Menominee Circuit Judge, supra,* concerning the appointment of assigned counsel for indigents in post-conviction proceedings.

14 See *Griffin* v. *California* (1965), 380 US 609 (85 S Ct 1229, 14 L Ed 2d 106), *reh. den.,* 381 US 957 (85 S Ct 1797, 14 L Ed 2d 730).

15 See *People* v. *Smith* (1970), 383 Mich 576.

Here, as in *People* v. *Dupuis* (1963), 371 Mich 395, the information charged first-degree murder without also charging that the homicide

3) Drew's trial attorney's affidavit states also that the judge "informed the jury that there were lesser included offenses involved. However, Judge Doty indicated to the jury that they did not have to seriously consider the lesser included offense in this case." The parties have stipulated that the judge did instruct the jury on lesser included offenses. A newspaper article reports that at the time of sentencing Drew accused the judge of "almost telling them (the jurors) what verdict to bring in."[16] The parties stipulated that the defendant objected to the jury charge on the ground that it was prejudicial.

Although the parties have stipulated that the reporter's notes cannot be deciphered and an order has been entered so finding,[17] we think that the court should hear testimony of competent witnesses before all efforts to transcribe the stenographer's notes are abandoned. It may be that the instructions to the jury can be deciphered. Drew's particularized objections concern the instructions and the colloquy which took place at the time the verdict was received —perhaps, if nothing else, that usually brief exchange can be made out.

---

was committed in perpetration or attempted perpetration of a robbery. But here, in contrast with *Dupuis,* because of the unavailability of a transcript of the trial proceedings, it cannot be said that (p 401) "the undisputed proofs showed that the murder was committed in the perpetration of a robbery." Also, Drew's confessional statement, read to the jury, is consistent with a finding that he did not rob or attempt to rob. Further, Drew's affidavit states that the judge did not instruct the jury "in regard to whether or not it was their obligation to determine that I was engaged in an armed robbery when the killing took place," and the stipulation between counsel, see accompanying text, *infra,* states that the judge charged the jury regarding lesser included offenses. See *People* v. *Jordan* (1956), 347 Mich 347, 351; *cf. People* v. *Simon* (1949), 324 Mich 450, 457, 458; *Attorney General* v. *Recorder's Court Judge* (1954), 341 Mich 461, 469.

This does not appear to be a case where the only possible verdicts were first-degree murder or not guilty. See *People* v. *Andrus* (1951), 331 Mich 535.

16 See *People* v. *Wichman* (1968), 15 Mich App 110.

17 The court is not bound by the stipulation of the parties; the order was not entered after a hearing on the meritorious question.

If the instructions and verdict cannot be transcribed, the judge should hear testimony on defendant's assertions and make findings[18] on whether his assertions and those of his attorney are true. On the basis of his findings he should decide whether the defendant's motion for a new trial should be granted or denied.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

All concurred.

---

[18] *Cf.* *People* v. *George Scott* (1970), 21 Mich App 217; *People* v. *Martinovich* (1969), 18 Mich App 253, 259; *People* v. *Beaudoin* (1967), 7 Mich App 461, 464; *People* v. *Walker* (1967), 6 Mich App 600, 604.