PEOPLE v. McDONALD

1. APPEAL AND ERROR—NEW TRIAL—ABUSE OF DISCRETION.
   The trial judge has discretion to grant or deny a motion for new trial, and he will not be reversed on appeal in the absence of a clear abuse of discretion.

2. APPEAL AND ERROR—TRIAL—STENOGRAPHIC RECORD—SETTLED RECORD—COURT RULE.
   A "settled record" may be prepared by cooperation of the parties for purposes of appeal where no stenographic record of defendant's trial is available (GCR 1963, 812.1[b]).

3. CRIMINAL LAW—RIGHT TO COUNSEL—SENTENCING.
   The presence of counsel at sentencing is not required where defendant has discharged his appointed counsel, refused an opportunity to retain counsel at his own expense, and conducted his own defense with only occasional help from new appointed counsel.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 January 5, 1971, at Lansing. Docket No. 7674.) Decided January 19, 1971. Leave to appeal denied March 23, 1971. 384 Mich 821.

Albert Lee McDonald was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *George N. Parris*,

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 850–852, 866.
[2] 5 Am Jur 2d, Appeal and Error §§ 397–544.
[3] 21 Am Jur 2d, Criminal Law §§ 313, 528.

Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Mather, Glime & Daoust,* for defendant on appeal.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

QUINN, P. J. In December 1960, defendant was convicted by a jury of statutory rape.[1] He represented himself at trial but he was assisted by his appellate counsel. This situation developed because on the original trial date, defendant requested that his assigned counsel be discharged and that counsel was permitted to withdraw from the case. Although given an opportunity to obtain counsel prior to trial, defendant failed to do so, and present appellate counsel was appointed to assist defendant at trial.

In December 1964, defendant filed a petition for appointment of appellate counsel and requested the trial transcript. The record discloses no disposition of this petition. May 27, 1966, defendant refiled his petition for appellate counsel and transcript. July 5, 1966, this petition was granted. Thereafter, it was discovered that the trial court reporter died September 12, 1965, and that the only transcribable portion of his trial notes was a voice recording of the first day of trial. The latter was transcribed and the balance of the trial record was provided by way of a settled record pursuant to GCR 1963, 812.2(b), 705 and *People* v. *Gatewood*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

(1966), 5 Mich App 470. From the extensive notes of the trial judge, the latter, the prosecuting attorney and with trial counsel for defendant participating, a settled record was prepared which the trial court certified. This is the same procedure directed and followed in *People* v. *Bennett* (1969), 20 Mich App 166.

Defendant filed a delayed motion for new trial on the grounds that the settled record was inadequate for appellate purposes and defendant was not represented by counsel at sentencing. This motion was denied and defendant appeals.

The grant or denial of a motion for new trial is discretionary. GCR 1963, 527. In order to establish reversible error in the denial of a motion for a new trial, a clear abuse of discretion must be shown. *People* v. *Dailey* (1967), 6 Mich App 99. The controlling issue is, on this record, is clear abuse of discretion shown?

We have reviewed the available transcript, the settled record, and the concise statement of facts which constitute the trial record on this appeal. We are not persuaded that that record is inadequate for appellate purposes. It follows that we are unable to find the required clear abuse of discretion.

Defendant was advised of his right to counsel, and at defendant's request, counsel was appointed for him. Defendant discharged this counsel at the opening of trial as originally scheduled and trial was adjourned. Thereafter, defendant was afforded an opportunity to obtain counsel but he did not. Defendant also declined an offer to appoint new counsel and decided, "I would fight my own case". Nevertheless, trial counsel was appointed to assist defendant. Defendant had no counsel

whose presence was required at sentencing nor was he entitled to counsel at that time.

Affirmed.

All concurred.