PEOPLE v HORTON

Docket No. 78-827. Submitted November 15, 1979, at Detroit.—Decided February 21, 1980.

James Horton was convicted, on his pleas of guilty, of breaking and entering a place of business and of being a fourth felony offender, Wayne Circuit Court, James N. Canham, J. Defendant appeals, and alleges that his pleas should be vacated because the transcripts of three of his four court appearances cannot be produced. *Held:*

A court rule provides that a settled record may be filed on appeal when transcripts of the lower court proceedings are unavailable. Because the defendant has not yet made an effort to do so, the case should be remanded to allow the defendant to obtain a settled statement of facts pursuant to the court rule.

Remanded.

Appeal and Error — Criminal Law — Unavailability of Transcripts — Court Rules.

The unavailability on appeal of transcripts of a criminal case does not automatically require that the case be started over; a settled record on appeal may be filed when transcripts are unavailable (GCR 1963, 812.2[b]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Theodore P. Panaretos,* for defendant on appeal.

Before: Bronson, P.J., and D. C. Riley and E. A. Quinnell,* JJ.

---

Reference for Points in Headnote

[1] 4 Am Jur 2d, Appeal and Error §§ 397 *et seq.,* 404.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted on his plea of guilty to a charge of breaking and entering a place of business, MCL 750.110; MSA 28.305, and was sentenced to a prison term of from six years and eight months to 10 years. Defendant also pled guilty to a supplemental information charging him as a fourth felony offender, MCL 769.12; MSA 28.1084, and he was sentenced to a prison term of from eight years and four months to 15 years. This sentence was ordered to run concurrently with the sentence imposed for the breaking and entering conviction. Defendant appeals as of right.

Defendant appeared in the trial court on four separate dates. Despite the efforts of defense counsel and court personnel, only the transcript of the final court date could be produced. On appeal, defendant argues that the unavailability of the full record requires the vacation of his pleas and sentences. To do otherwise he contends would result in a denial of due process, effective assistance of appellate counsel, and of full and adequate appellate review, all of which are secured by the Michigan and United States Constitutions. He also argues that any alternative means of settling the record would be inadequate to protect these constitutional guarantees.

The one transcript before us as part of the lower court record contains the proceedings held in the trial court on November 21, 1977, defendant's last day before the trial court on this matter. The transcript reflects that on this date the trial court accepted defendant's guilty pleas and passed sentence. The pleas were apparently offered at an earlier court date, as the record contains little of the plea taking procedures required for guilty pleas by GCR 1963, 785.7 other than the trial

court's reference to a "recitation of [defendant's] rights" at an earlier occasion.[1]

We agree with defendant that in its present condition the record is inadequate for meaningful appellate review. The unavailability of transcripts does not, however, automatically require that the case be started over again. See *People v Drake,* 64 Mich App 671; 236 NW2d 537 (1975), *lv den* 402 Mich 846 (1978), *People v Drew,* 26 Mich App 337; 182 NW2d 566 (1970), *People v Carson,* 19 Mich App 1; 172 NW2d 211 (1969), *lv den* 383 Mich 780 (1970).[2] GCR 1963, 812.2(b) provides an alternative method for settling the record on appeal when transcripts are unavailable.[3] Defendant has yet

---

[1] Specifically, the transcript contains the following:

"THE COURT: We did in fact have a recitation of his rights?

"MR. SMITH *[defense counsel]:* Yes.

"THE COURT: Bring the Defendant up here. Did the Court inquire of you as to your knowledge?

"THE DEFENDANT: Yes.

"THE COURT: Indicated to you the same rights that were explained to you and extended to you under the laws and constitution of the this *[sic]* state as far as the charge of breaking and entering a business place would apply?

"THE DEFENDANT: Yes."

[2] The majority of cases in this Court addressing the issue have involved delayed appeals by leave granted from very old convictions. A more serious problem is presented when a direct appeal as of right is involved, because Const 1963, art 1, § 20 grants such an appeal. The Court in *People v Drew, supra,* 341, addressed this issue in dicta, but still stopped short of suggesting that a new trial would be automatically required:

"Upon direct appeal the unavailability of a transcript of the trial *might* so impede enjoyment of a defendant's Michigan constitutional right of appeal that a new trial *might* have to be ordered as a matter of course." (Emphasis added.) (Footnote omitted.)

[3] The court rule provides:

"When a transcript of the proceedings in the court below cannot be obtained, the appellant shall file a settled statement of facts to serve as a substitute for the court reporter's transcript of the proceedings in the lower court.

"(1) Within 10 days after the filing of the claim of appeal, the appellant shall file with the clerk of the court below and serve on the appellee a proposed statement of facts. The proposed statement of facts shall concisely set forth the substance of the testimony, or the

made no attempt to comply with the court rule. Accordingly, this case must be remanded to allow the defendant to obtain a settled statement of facts under GCR 1963, 812.2(b). *People v Bennett,* 20 Mich App 166; 173 NW2d 830 (1969), *lv den* 383 Mich 765 (1970), *People v Sharp,* 9 Mich App 34; 155 NW2d 719 (1967), *People v Gatewood,* 5 Mich App 470; 146 NW2d 844 (1966).

Defendant argues that it will either be impossible to secure a settled statement of facts or that any statement obtained will be inadequate to preserve his constitutional guarantees. We find his arguments too speculative at this stage of the proceedings. There is seemingly no physical problem with settling the record, as trial counsel and the trial judge are all apparently still alive and available. We cannot pass on defendant's claims regarding the constitutional sufficiency of a settled record until such record is before this Court.[4]

Remanded for proceedings consistent with this opinion. We retain jurisdiction.

oral proceedings before the lower court judge if no testimony was taken, in sufficient detail to inform the Court of Appeals of the nature of the controversy and of the proceedings in the court below.

"(2) The appellant shall notice the proposed statement of facts for prompt settlement before the lower court judge. An amendment or objection to the proposed statement of facts must be in writing, filed promptly in the court below, and served on the appellant.

"(3) The lower court judge shall settle any controversy and certify a statement of facts as an accurate, fair and complete statement of the proceedings before him.

"(4) The statement of facts and the certifying order must be filed with the lower court clerk, and a copy of the certifying order must be filed with the Court of Appeals clerk."

[4] In *People v Dunn,* 50 Mich App 529; 213 NW2d 832 (1973), this Court remanded for a new suppression hearing rather than requiring defendant to attempt to secure a settled statement of facts because it found a settled statement would not be adequate. We believe the better course in the instant case is to require an attempt to be made before deciding whether the end result is inadequate.