PEOPLE v JACKSON

Docket No. 78-829. Submitted November 15, 1979, at Detroit.—Decided February 21, 1980.

Jeanette Jackson was convicted, on her plea of guilty, of manslaughter and was sentenced to a term of 2 to 15 years in prison, Wayne Circuit Court, James N. Canham, J. Defendant appeals. The record on appeal contains the transcript of defendant's plea proceeding. It does not, however, contain a transcript of the sentencing proceedings. On appeal defendant contends that the unavailability of the full record requires the vacation of her plea and sentence because to do otherwise would result in a denial of due process, effective assistance of appellate counsel, and a full and adequate appellate review, all of which are secured by state and Federal constitutions. She also contends that any alternative means of settling the record would be inadequate to protect these constitutional guarantees. *Held:*

1. Defendant's arguments are without merit so far as they concern her plea. A full transcript of the plea-taking proceedings is available. Defendant argues that this transcript does not include the trial court's acceptance of her plea, but a formal acceptance is not required. Sentencing implies acceptance of the plea. The record reflects that defendant was sentenced, therefore, her conviction is affirmed.

2. Defendants are entitled to appeal their sentences. The record in its present condition is inadequate for meaningful appellate review. However, the unavailability of the sentencing transcript does not automatically require that the case be started over again. A court rule provides an alternative method for settling the record on appeal where transcripts are unavailable. Defendant's argument that it would be impossible to secure a settled statement of facts or that it would be inadequate to preserve her rights is too speculative at this stage of the proceedings. Defendant has made no attempt to comply

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 495, 525.
[2] 4 Am Jur 2d, Appeal and Error §§ 397 *et seq.,* 938, 976.
[3] 4 Am Jur 2d, Appeal and Error §§ 397, 398.

with the court rule. There appears to be no physical problem with settling the record as trial counsel and the trial judge are all apparently still alive and available. The Court of Appeals cannot pass on defendant's claims regarding the constitutional sufficiency of a settled record until such record is before the Court. Therefore, the case must be remanded to the trial court where defendant may attempt to obtain a settled statement of facts concerning her sentencing under the court rule.

3. Because the greatest relief to which defendant would be entitled is resentencing, on remand the trial court may, in its discretion, resentence defendant rather than settle the record.

Affirmed in part and remanded.

1. CRIMINAL LAW — PLEA OF GUILTY — ACCEPTANCE OF PLEA — SENTENCING.

A conviction should be affirmed where the record reflects that a defendant tendered a plea of guilty and was thereafter sentenced; sentencing implies acceptance of the plea, no formal acceptance is necessary.

2. APPEAL AND ERROR — CRIMINAL LAW — SENTENCE TRANSCRIPT — SETTLED RECORD — COURT RULES.

Defendants are entitled to appeal their sentences; but this does not automatically require that a case be started over again where the transcript of the sentence proceedings is unavailable because a court rule provides an alternative method for settling the record on appeal (GCR 1963, 812.2[b]).

3. APPEAL AND ERROR — CRIMINAL LAW — SETTLED RECORD — CONSTITUTIONAL LAW — SUFFICIENCY OF RECORD.

The Court of Appeals cannot pass on a defendant's claims regarding the constitutional sufficiency of a settled record until such record is before the Court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Rita Chastang,* Assistant Prosecuting Attorney, for the people.

*Theodore P. Panaretos,* for defendant.

Before: BRONSON, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant was convicted on her plea of guilty to the offense of manslaughter, MCL 750.321; MSA 28.553. She was sentenced to a term of from 2 to 15 years in prison, and appeals as of right.[1]

The record contains the transcript of defendant's plea proceeding and of the proceedings relevant to compliance with GCR 1963, 785.7. It does not, however, contain a transcript of the sentencing proceedings. Other documents in the lower court file reveal the sentence imposed but they do not contain information on which the defendant could base an appeal, such as statements by the trial court concerning the factors considered when passing sentence. On appeal, defendant argues that the unavailability of the full record requires the vacation of her plea and sentence. To do otherwise she contends would result in a denial of due process, effective assistance of appellate counsel, and of full and adequate appellate review, all of which are secured by the Michigan and United States Constitutions. She also argues that any alternative means of settling the record would be inadequate to protect these constitutional guarantees.

We find defendant's arguments without merit so far as they concern her plea. A full transcript of the plea-taking proceedings is available. Defendant argues that this transcript does not include the trial court's acceptance of her plea, but a formal acceptance is not required. Sentencing implies acceptance of the plea. *Guilty Plea Cases,* 395 Mich 96, 126; 235 NW2d 132 (1975). As the record

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The issues raised in this appeal are substantially the same as those decided in *People v Horton,* 95 Mich App 561; 291 NW2d 121 (1980).

reflects defendant was sentenced, her conviction is affirmed.

Defendants are also entitled to appeal their sentences, however, and we agree with defendant that in its present condition the record is inadequate for meaningful appellate review. The unavailability of transcripts does not, however, automatically require that the case be started over again. See *People v Drake,* 64 Mich App 671; 236 NW2d 537 (1975), *lv den* 402 Mich 846 (1978), *People v Drew,* 26 Mich App 337; 182 NW2d 566 (1970), *People v Carson,* 19 Mich App 1; 172 NW2d 211 (1969), *lv den* 383 Mich 780 (1970).[2] GCR 1963, 812.2(b) provides an alternative method for settling the record on appeal when transcripts are unavailable.[3] Defendant has as yet made no at-

[2] The majority of cases in this Court addressing the issue have involved delayed appeals by leave granted from very old convictions. A more serious problem is presented when a direct appeal as of right is involved, because Const 1963, art 1, § 20 grants such an appeal. The Court in *People v Drew, supra,* 341, addressed this issue in dicta, but still stopped short of suggesting that a new trial would be automatically required:

"Upon direct appeal the unavailability of a transcript of the trial *might* so impede enjoyment of a defendant's Michigan constitutional right of appeal that a new trial *might* have to be ordered as a matter of course." (Emphasis added. Footnote omitted.)

[3] The court rule provides:

"When a transcript of the proceedings in the court below cannot be obtained, the appellant shall file a settled statement of facts to serve as a substitute for the court reporter's transcript of the proceedings in the lower court.

"(1) Within 10 days after the filing of the claim of appeal, the appellant shall file with the clerk of the court below and serve on the appellee a proposed statement of facts. The proposed statement of facts shall concisely set forth the substance of the testimony, or the oral proceedings before the lower court judge if no testimony was taken, in sufficient detail to inform the Court of Appeals of the nature of the controversy and of the proceedings in the court below.

"(2) The appellant shall notice the proposed statement of facts for prompt settlement before the lower court judge. An amendment or objection to the proposed statement of facts must be in writing, filed promptly in the court below, and served on the appellant.

"(3) The lower court judge shall settle any controversy and certify a statement of facts as an accurate, fair and complete statement of the proceedings before him.

tempt to comply with the court rule.

Defendant argues that it will either be impossible to secure a settled statement of facts or that any statement obtained will be inadequate to preserve her constitutional guarantees. We find her arguments too speculative at this stage of the proceedings. There is seemingly no physical problem with settling the record, as trial counsel and the trial judge are all apparently still alive and available. We cannot pass on defendant's claims regarding the constitutional sufficiency of a settled record until such record is before this Court.[4]

Accordingly, this case must be remanded to the trial court. On remand, defendant may attempt to obtain a settled statement of facts concerning her sentencing under GCR 1963, 812.2(b). *People v Bennett,* 20 Mich App 166; 173 NW2d 830 (1969), *lv den* 383 Mich 765 (1970), *People v Sharp,* 9 Mich App 34; 155 NW2d 719 (1967), *People v Gatewood,* 5 Mich App 470; 146 NW2d 844 (1966).

Because the greatest relief to which defendant would be entitled is resentencing, on remand the trial court may, in its discretion, resentence defendant rather than settle the record. This alternative is proposed as it is possible that it will require less judicial time while granting defendant the maximum relief to which she would be entitled in any event.

Affirmed in part and remanded in part for proceedings consistent with this opinion. We retain jurisdiction.

---

"(4) The statement of facts and the certifying order must be filed with the lower court clerk, and a copy of the certifying order must be filed with the Court of Appeals clerk."

[4] In *People v Dunn,* 50 Mich App 529; 213 NW2d 832 (1973), this Court remanded for a new suppression hearing rather than requiring defendant to attempt to secure a settled statement of facts because it found a settled statement would not be adequate. We believe the better course in the instant case is to require an attempt to be made before deciding whether the end result is inadequate.