PEOPLE v WILSON (ON REHEARING)

Docket No. 78-4984. Submitted December 5, 1979, at Lansing.—Decided April 22, 1980.

Erwin C. Wilson was convicted of unarmed robbery and appealed. His conviction was affirmed, 95 Mich App 93; 290 NW2d 89 (1980). Defendant's application for rehearing was granted to consider whether the original opinion incorrectly suggests that, in an appeal from a criminal trial, the prosecution is without responsibility to preserve its trial exhibits and produce them for the Court of Appeals. A witness selected defendant's photograph from a stack of nine in a pretrial identification procedure and later made an in-court identification. Of the nine photographs, three were missing, including that of the defendant, in the records submitted on appeal. In the original opinion the Court stated: "Pressing this issue on appeal, having apparently made no effort to produce the array for our inspection, the defendant asks this Court to substitute its assessment of the unseen photographs for the informed judgment of the trial court. This we will not do." Defendant asserts that he made strenuous efforts to secure the array of photographs for the Court of Appeals and that the preservation of the photographic exhibit was exclusively the duty of the prosecution. *Held:*

1. A prosecutor is required to make every effort to preserve trial exhibits for appeal, and where he fails to file an exhibit with the trial court for transmission to the Court of Appeals the primary legal responsibility for its absence from the record is his. Consideration of a defendant's appeal may not be precluded by his failure to produce a prosecution exhibit for appellate review which was never in his possession and was not properly filed with the trial court.

2. Failure by the prosecution to file with the Court of Appeals all the required exhibits mandates a new trial only where the defendant is so prejudiced thereby that his constitutional right

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 432, 527.
[3, 4] 4 Am Jur 2d, Appeal and Error § 399.
[5] 5 Am Jur 2d, Appeal and Error §§ 601, 602.
[6] 5 Am Jur 2d, Appeal and Error §§ 880, 881.

to appeal has been impeded. A defendant's right to appeal is satisfied where the surviving record is sufficient to allow appellate evaluation. The surviving record is sufficient to show that the trial judge did not abuse his discretion in holding that the photographic array was not unduly suggestive.

Affirmed.

1. APPEAL — CRIMINAL LAW — EVIDENCE — TRIAL EXHIBITS — FILING EXHIBITS — TRANSMISSION TO APPEALS COURT — PRESERVATION OF EXHIBITS — COURT RULES.

A court rule requires a prosecutor, within 20 days after the commencement of a criminal appeal, to file any evidentiary trial exhibits in his possession with the clerk of the trial court for transmission to the Court of Appeals; the rule is mandatory in its direction and the prosecutor must make every effort to preserve trial exhibits until the period for the filing of a defendant's claim of appeal has passed (GCR 1963, 812.4).

2. CRIMINAL LAW — EVIDENCE — APPEAL — TRIAL EXHIBITS — FAILURE TO FILE — MOTIVE — SERIOUS OMISSION.

A prosecutor's failure to file trial exhibits with the clerk of the trial court where there is an appeal is a serious omission even where there is no sign of an improper motive.

3. APPEAL — CRIMINAL LAW — EVIDENCE — TRIAL EXHIBITS — POSSESSION OF EXHIBITS — FILING OF EXHIBITS.

Consideration of a defendant's appeal may not be precluded by his failure to produce for appellate review a prosecution exhibit which was never in his possession and was not properly filed with the trial court.

4. APPEAL — CRIMINAL LAW — INCOMPLETE RECORD — SUFFICIENT RECORD — CONSTITUTIONAL LAW.

An incomplete lower court record can jeopardize the one appeal constitutionally guaranteed to a defendant; however, not every gap in a record on appeal requires reversal of a conviction, and where the surviving record is sufficient to allow evaluation on appeal the defendant's right is satisfied (Const 1963, art 1, § 20).

5. APPEAL — CRIMINAL LAW — PRETRIAL IDENTIFICATION — IN-COURT IDENTIFICATION — FAILURE TO OBJECT — PRESERVING QUESTION.

The question of the admissibility of a victim's in-court identification and the testimony describing a pretrial identification is not properly preserved for review where a defendant never raised the issue of suggestiveness in the pretrial hearing or objected to the testimony as it was presented.

6. CRIMINAL LAW — EVIDENCE — IN-COURT IDENTIFICATION — PHOTO-
   GRAPHS — WITNESSES — DISCRETION — ABUSE OF DISCRETION —
   APPELLATE REVIEW.

   A trial judge is empowered to decide, in the exercise of his sound
   discretion, whether an independent basis exists for an in-court
   identification of a defendant by a witness who has viewed an
   improperly suggestive set of photographs and appellate review
   is limited to deciding whether the judge abused his discretion
   in holding that an array of photographs was not so impermissi-
   bly suggestive as to give rise to a very substantial likelihood of
   irreparable misidentification.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for the people.

*Lawson & Lawson, P.C.,* for defendant.

Before: DANHOF, C.J., and BEASLEY and CYNAR, JJ.

ON REHEARING

DANHOF, C.J. We granted the defendant's application for rehearing in this case to consider whether our original opinion incorrectly suggests that in an appeal from a criminal trial the prosecution is without responsibility to preserve its trial exhibits and to produce them for review in this Court.

At issue is an exhibit consisting of a stack of nine "mug shots" from which the victim selected the defendant's photograph in a pretrial identification procedure. The procedure and the victim's in-court identification of the defendant were presented at trial without protest. The defendant unsuccessfully objected to the prosecution's subse-

quent offer of the photographs themselves, on the ground that the photograph of the defendant bore a mark that singled it out from the others in the stack.

The defendant's brief on appeal challenged the admission of the array but did not indicate that it had not been made available to appellate counsel or this Court. After the briefs of both parties had been filed, our staff sought the exhibit from the trial court and from the prosecutor. The search led to the investigating police agency, which was able to produce six of the photographs that had comprised the exhibit. The six photographs were forwarded to us by the prosecutor; among the three missing photographs was that of the defendant. It soon became apparent that the defendant's photograph was irretrievably lost. Attached to the defendant's application for rehearing are copies of letters written about this time by the defendant's appellate counsel to the police agency and the prosecutor, requesting production of the missing photographs.

The trial court had treated the defendant's objection to the admission of the "suggestive" array as an attack on the admissibility of the identification testimony as well, and the issue was presented in this posture on appeal. We wrote in our original opinion: "Pressing this issue on appeal, having apparently made no effort to produce the array for our inspection, the defendant asks this Court to substitute its assessment of the unseen photographs for the informed judgment of the trial court. This we will not do."

The defendant asserts that he made strenuous efforts to secure the array for us and that the preservation of the exhibit was exclusively the duty of the prosecution.

The answer to the defendant's claim lies in GCR 1963, 812.4:

"Within 20 days after filing of claim of appeal, attorneys for appellant or appellee having possession of any exhibits offered in evidence shall file them with the clerk for transmission to the Court of Appeals, as part of the record on appeal, unless by stipulation of counsel, or order of the trial court, it is provided that they shall not be transmitted, or that copies or summaries or excerpts shall be transmitted in lieu thereof, and provided further, that photostatic copies may be filed in lieu of originals of any exhibits, unless the trial court shall otherwise require. Upon final disposition of the case, such exhibits shall be returned to the persons who filed them."

This rule is mandatory in its direction that exhibits be filed. See *People v Drake,* 64 Mich App 671; 236 NW2d 537 (1975).[1] Because the prosecutor failed to file his exhibit with the trial court, the primary legal responsibility for their absence from the record is his.

We are aware that the rule refers to "attorneys * * * having possession of any exhibits", and that the record does not show whether, when the filing deadline passed, the prosecutor had the photographs in his possession. However, he has assumed, we believe correctly, that the rule required him to make every effort to preserve his exhibit until the period for filing the defendant's claim of appeal had passed.

Failure to observe this mandate is a serious omission, even where, as here, there is no sign of improper motive on the part of the prosecutor.

---

[1] The rule allows for stipulation or court order concerning the transmission of exhibits to this Court. Neither appears in the record. We note that approximately one third of the circuits do not forward exhibits as a matter of course, but hold them at the disposal of this Court instead.

Insofar as our original opinion implied that the defendant's then-apparent failure to seek the exhibit for our inspection impaired his right to review of his claim on appeal, we correct it here. The court rule makes it clear to us that consideration of a defendant's appeal may not be precluded by his failure to produce a prosecution exhibit that was never in his possession and was not properly filed with the trial court.[2]

An incomplete lower court record can jeopardize the one appeal guaranteed to criminal defendants by Const 1963, art 1, § 20. However, not every gap in a record on appeal requires reversal of a conviction. When the surviving record is sufficient to allow evaluation of the appeal, the defendant's right is satisfied. See *People v Drake, supra,* and *People v Dunn,* 50 Mich App 529; 213 NW2d 832 (1973). Whether a record is sufficient in a particular case will of course depend upon the questions that must be asked of it.

We note at the outset that the admissibility of the victim's in-court identification and the testimony describing the pretrial identification was not properly preserved for review, in that the defendant never raised the suggestiveness issue in a pretrial hearing or objected to the testimony as it was presented. *People v Moss,* 397 Mich 69; 243 NW2d 254 (1976), *People v Mann,* 89 Mich App 511; 280 NW2d 577 (1979). Review in this case is particularly difficult because counsel's choice to object to the admission of the photographs rather than to the identification testimony itself forced

---

[2] We observe, however, that the power, though certainly not an obligation, to assist in the preservation of the record was partially in the defendant's hands. In the preparation of his appeal the defendant had access to the trial transcripts and exhibits. Had he noticed the absence and called it to the prosecutor's attention at that time, the prosecutor and the police agency might have had more success in locating the photograph in question.

the trial judge into a mid-trial, after-the-fact consideration of issues that would have been better reviewed in a separate hearing. However, we do have the trial judge's conclusion that the array was not sufficiently suggestive to taint the identification testimony, and so can review at least that threshold question. See *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977). Because a constitutional question is involved, and because we undertook in our original opinion to review the other identification issues the defendant brought to us, we believe that it is appropriate for us to examine his claims concerning the photographic array.

When there is claimed to exist an "independent basis" for an in-court identification of a defendant by a witness who has viewed an improperly suggestive showup, the trial judge is empowered to decide that question in the exercise of his "sound discretion". *Kachar, supra,* 100. We believe that that power extends to the threshold decision of whether such a showup was improperly suggestive. To commit a decision to the trial court's "sound discretion" implies a standard of appellate review limited to deciding whether that discretion has been abused. Thus, we must decide whether the trial judge abused his discretion in holding, as he has implicitly held, that the array was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification". *People v King,* 384 Mich 310, 312-313; 181 NW2d 916 (1970).

The objection to the array was that the defendant appeared in his "mug shot" with a mark over his forehead. The prosecutor characterized the mark, to the apparent satisfaction of the trial judge, as a photographic flaw. Our examination of the photographs that were preserved confirms the

prosecutor's assertion that many of the other photographs in the exhibit bore both technical flaws and ink marks. All six photographs show evidence of having been handled a great deal.

"Mug shots" are necessarily produced under widely differing circumstances of light and background, using various kinds of equipment. The purposes for which they are produced practically guarantee that they will be handled often. Thus, the presence of flaws and marks on the photographs in a showup array may be expected to be more the rule than the exception.

While our review of the suggestiveness claim would be easier if all the photographs comprising the exhibit were before us, the surviving record in this case is sufficient to show that the trial judge did not abuse his discretion in holding that the array was not unduly suggestive. We conclude that admission of both the identification testimony and the exhibit was proper, and therefore decline to reverse our original decision in his case.

Affirmed.