PEOPLE v HORTON (AFTER REMAND)

Docket No. 78-827. Submitted November 15, 1979, at Detroit.—Decided April 9, 1981.

James Horton was convicted, on his pleas of guilty, of breaking and entering a place of business and of being a fourth felony offender, Wayne Circuit Court, James N. Canham, J. The defendant appealed his convictions, alleging that his pleas should be vacated because the transcripts of three of his four court appearances could not be produced.

The Court of Appeals remanded the case to allow the defendant to obtain a settled statement of facts. *People v Horton,* 95 Mich App 561; 291 NW2d 121 (1980). At the hearings to settle the record, only the ·defendant had any recollection of the specifics of the plea-taking proceedings. The defendant testified that he pled guilty to the breaking and entering charge on the assurance of the trial court that, if he was not satisfied with the plea at the time the supplemental information was filed, he would be allowed to withdraw the plea. However, according to the defendant, he was not allowed to withdraw the plea. *Now held:*

The record was not successfully settled on remand. Since the defendant's testimony, if true, would give him a right to relief, his convictions are reversed.

Reversed and remanded.

CRIMINAL LAW — TRANSCRIPTS — APPEAL.

Inability to obtain the transcripts of criminal proceedings may so impede a defendant's right of appeal that a new trial must be ordered.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
[1] 4 Am Jur 2d, Appeal and Error §§ 397-399, 404.

*Theodore P. Panaretos,* for defendant on appeal.

AFTER REMAND

Before: BRONSON, P.J., and D. C. RILEY, and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant pled guilty to a charge of breaking and entering a place of business contrary to MCL 750.110; MSA 28.305 and of being a fourth felony offender contrary to MCL 769.12; MSA 28.1084. The transcripts of three of four of defendant's appearances in court could not be produced. The missing transcripts included both plea-taking proceedings. In *People v Horton,* 95 Mich App 561; 291 NW2d 121 (1980), which provides a detailed statement of what occurred in this matter, we remanded this cause so that the parties could have an opportunity to secure a settled statement of facts. A hearing to settle the record was held on June 6 and June 10, 1980.

At the two hearing dates, a total of five witnesses testified: the plea-taking judge, two attorneys who had represented defendant during various stages of the proceedings, defendant, and the court reporter who would have been responsible for any transcription occurring at the time of the original proceedings in this matter. With the exception of defendant, nobody had any recollection of the specifics of the plea-taking proceedings. Both of defendant's former attorneys and the plea-taking judge stated that they had no independent recollection concerning whether GCR 1963, 785.7 was complied with. Both of defendant's former attorneys did indicate that defendant had been dissatisfied with their representation.

Defendant testified that he pled guilty to the

* Circuit judge, sitting on the Court of Appeals by assignment.

breaking and entering charge on the assurance of the trial court that, if he was not satisfied with the plea at the time the supplemental information was filed, he would be allowed to withdraw the plea. However, according to defendant, he was not allowed to withdraw his plea. He further stated that he had not been fully advised of the rights he would be waiving by pleading guilty. One of defendant's attorneys indicated that a motion to withdraw the plea on the underlying felony had been made. He also stated that he believed the supplemental information had been filed after defendant had pled guilty to the breaking and entering charge.

 The record, then, was not successfully settled on remand. Since defendant's testimony, if true, would give him a right to relief, we reluctantly reverse his convictions. The courts of this state have held that the inability to obtain the transcripts of criminal proceedings may so impede a defendant's right of appeal that a new trial must be ordered. *People v Frechette,* 380 Mich 64, 73; 155 NW2d 830 (1968), *People v Carson,* 19 Mich App 1; 172 NW2d 211 (1969), *lv den* 383 Mich 780 (1970), *People v Drew,* 26 Mich App 337, 341; 182 NW2d 566 (1970), *People v Dunn,* 50 Mich App 529; 213 NW2d 832 (1973). We find that in this case it is impossible to review the regularity of the proceedings due to the lack of transcripts. To insure defendant's right of appeal in a criminal case as guaranteed by Const 1963, art 1, § 20, we therefore must reverse.

Reversed and remanded.