ELAZIER v DETROIT NON-PROFIT HOUSING CORPORATION

Docket No. 85744. Submitted November 18, 1986, at Detroit. Decided
March 2, 1987.

Patricia F. Elazier brought an action in the Wayne Circuit Court
against the Detroit Non-Profit Housing Corporation, its board
of directors and certain officers, alleging wrongful discharge,
assault and battery and intentional infliction of emotional
distress. The case resulted in a jury verdict and judgment for
plaintiff. Defendants changed counsel and filed motions for a
new trial, judgment notwithstanding the verdict, remittitur and
to amend the judgment. The court discovered that transcripts
of four of the seven days of the trial were unintelligible due to
a defect in the transcription process and ordered a new trial,
Thomas Roumell, J. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

A record of a civil action is sufficient to sustain the right of a
party to appeal if it is sufficient to allow evaluation of the
issues on appeal. Where the record is insufficient, the remedy is
the construction of a new record by agreement or reconstruc-
tion or, if that is not possible, by a new trial. The grant of a
new trial was premature.

Reversed and remanded.

APPEAL — RECORDS — REMEDIES.

A record of a civil action is sufficient to sustain the right of a
party to appeal if it is sufficient to allow evaluation of the
issues on appeal; where the record is insufficient, the remedy is
the construction of a new record by agreement or reconstruc-
tion or, if that is not possible, by a new trial.

*Wright, Fabré, Reed & Whitfield* (by *O'Neal O.
Wright*), for appellant.

REFERENCES
Am Jur 2d, Appeal and Error § 977.
Death or disability of court reporter before transcription or comple-
tion of notes or record as ground for new trial or reversal. 19
ALR2d 1098.

Before: SHEPHERD, P.J., and WAHLS and SULLI-VAN, JJ.

PER CURIAM. Plaintiff appeals by leave granted from an order for new trial entered by the trial court following a hearing on May 10, 1985. We reverse.

Plaintiff initiated this suit following her termination of employment with the defendant corporation. Plaintiff sought damages against the corporation and a number of its officers on various theories of wrongful discharge, assault and battery and intentional infliction of emotional distress,[1] and ultimately recovered a jury verdict totalling $200,000 against the defendants.

After the trial, defendants replaced their trial counsel with their current counsel to pursue posttrial motions. Defendants subsequently filed motions for new trial, judgment notwithstanding the verdict, remittitur, and to amend the judgment.

Defendants' counsel thereafter ordered the trial transcripts, and learned that the transcripts for four of the seven days of trial were unintelligible due to a defect in the transcription process. The testimony of defendant Orum and defendant Avis Holmes, as well as the closing arguments, jury instructions and the reading of the verdict were consequently not transcribed.

Following this discovery, defendants filed a supplemental motion for a new trial. Defendants maintained in very general terms that the lack of a transcript prevented any meaningful hearing on their pending motions or on any subsequent appeal. After hearing arguments, the court hesitantly granted the motion, although it recognized that a new trial might result in a "gross miscar-

---

[1] Plaintiff was allegedly fired after filing a police report in which she claimed she had been assaulted by defendant Thomas B. Orum.

riage of justice" for plaintiff. The court confirmed, however, that it granted the motion purely as a result of the missing records and not because of any particular allegation of error raised by defendants.

MCR 2.611 sets forth the grounds upon which a court may order a new trial. Under this rule, a new trial may be granted upon an irregularity in the proceedings of the court (e.g., failure to transcribe a substantial portion of the trial) which materially affected substantial rights of all or some of the parties. MCR 2.611(A)(1)(a). Additionally, a new trial may be granted for any "reason justifying relief from the operation of the judgment." MCR 2.611(A)(1)(h), 2.612 (C)(1)(f). Appellate courts will not reverse a trial court's decision to grant or deny a motion for new trial unless the trial court abused its discretion by doing so. *Willett v Ford Motor Co,* 400 Mich 65, 70-71; 253 NW2d 111 (1977). Plaintiff now argues that the trial court abused its discretion in granting a new trial. We agree.

It is undisputed that a lack of trial transcripts might in some cases warrant a new trial. Transcripts of the trial, required by MCR 8.108, are substantially necessary for a party to meaningfully prepare for either postjudgment motions or a claim of appeal. Here, although the lower court concluded that settling the record would not be fully possible, it failed to consider whether the presence of the partial transcript and a partially settled record would be adequate to fully review the allegations of errors raised in defendants' posttrial motions.

This Court has addressed this problem in the context of criminal appeals. A defendant's constitutional right to appeal is satisfied if the surviving record is sufficient to allow evaluation of the issues

on appeal. *People v Audison,* 126 Mich App 829, 835; 338 NW2d 235 (1983). Whether the record is sufficient depends upon the question asked of it. *People v Federico,* 146 Mich App 776, 799-800; 381 NW2d 819 (1985). Where the record is insufficient, we have remanded cases for the construction of a new record to allow review of the issue on appeal. See e.g., *People v Dunn,* 50 Mich App 529; 213 NW2d 832 (1973), and *People v Drew,* 26 Mich App 337; 182 NW2d 566 (1970). When, after remand, it is clear that no settlement of the facts is possible, then the grant of a new trial is permissible to preserve a defendant's right to appeal. *People v Horton (After Remand),* 105 Mich App 329, 331; 306 NW2d 500 (1981).

Unlike the cited cases, the instant case is a civil action in which defendants have a mere statutory, rather than a constitutional right to appeal. MCL 600.308; MSA 27A.308. Moreover, this case was within the trial court's jurisdiction when the new trial was granted; no appeal had yet been filed by defendants. Despite these differences, we believe that the procedures detailed above are applicable in this situation. Whether the reviewing court is the trial court or an appellate court, and whether the right to appeal is derived from the constitution or statute, we believe that, before a court grants a new trial based upon a failure of the transcription process, it must determine that the existing record and any possible settlement or reconstruction of the record is insufficient to allow evaluation of the specific allegations of error. Consequently, we are constrained to conclude that the grant of a new trial below, based solely on the inability to fully reconstruct the missing portion of the record, was premature and an abuse of discretion.[2]

---

[2] We note that our decision is not based upon the mandatory

This matter is hereby remanded for a further attempt by the parties to settle and reconstruct the record as much as is possible. A hearing where the settlement may be read into the record shall be conducted within twenty-eight days from the date this opinion is filed. Defendants may then refile their supplemental motion for new trial within fourteen days following the hearing, and shall specify how the missing record precludes an effective evaluation of the particular allegations of error raised in their previous posttrial motions.

Reversed and remanded. We retain jurisdiction.

---

language of MCR 7.210(B)(2), cited by plaintiff, and applicable to appeals to this Court. As stated above, this case was in the trial court's jurisdiction while that court was entertaining defendants' post-judgment motions. MCR 2.610, 2.611, 2.612. As a rule of appellate procedure, MCR 7.210(B) was not binding on the trial court as it considered the post-trial motions.