# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ROTANA ROSHONN HUGHLEY,

       Defendant-Appellant.

UNPUBLISHED
October 14, 2014

No. 317247
Wayne Circuit Court
LC No. 12-009945-FH

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

A jury convicted Rotana Roshonn Hughley of felonious assault,[1] for which she was sentenced to two years' probation. Hughley appeals as of right. We affirm.

Hughley and the victim were involved in an altercation outside the store where the victim worked. The victim testified that Hughley pushed her as she tried to enter the store, and then swung at her while holding a shiny object. The victim tried to block herself and was stabbed in the arm. Hughley admitted to shoving the victim, but did not know how the victim was stabbed.

Hughley first contends that she is entitled to a new trial because defense counsel was ineffective for failing to object to improper opinion testimony by a police officer. We disagree.

Because Hughley failed to raise the issue of ineffective assistance of counsel in a motion for a new trial or for an evidentiary hearing, our review of this issue is "limited to mistakes apparent from the record."[2] In order to establish a claim of ineffective assistance of counsel, a defendant must show "(1) that counsel's performance was deficient in that it fell below an objective standard of professional reasonableness and (2) that there is a reasonable probability that the outcome of the trial would have been different but for counsel's performance."[3]

---

[1] MCL 750.82.

[2] *People v Roscoe*, 303 Mich App 633, 643; 846 NW2d 402 (2014) (citation and quotation marks omitted).

[3] *Id*. at 643-644 (citation and quotation marks omitted).

-1-

Effective assistance of counsel is presumed and a defendant bears the burden of proving otherwise.[4] "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible reasons' that counsel may have had for proceeding as he or she did."[5] "An appellate court should neither substitute [its] judgment for that of counsel on matters of trial strategy, nor . . . use the benefit of hindsight when assessing counsel's competence."[6] However, "a court cannot insulate the review of counsel's performance by calling it trial strategy."[7] "Initially, a court must determine whether the strategic choices [were] made after [a] less than complete investigation, and any choice is reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[8]

Upon being asked what brought him to the location of the incident, the officer testified that he received a call regarding an aggravated assault that had taken place. Subsequently, when asked whether he believed an assault occurred based on his conversation with the victim, the officer replied affirmatively. Hughley argues that defense counsel should have objected to this testimony as an improper opinion regarding Hughley's guilt.[9] It is improper for a witness to express an opinion regarding a defendant's guilt or innocence of the charged offense.[10] In the first response, the officer did not opine that an assault had occurred or that Hughley committed it. He simply explained why he had been dispatched to the store. Thus, the statement was not improper. Because "[d]efense counsel [is] not ineffective for failing to make a futile objection,"[11] defense counsel was not ineffective for failing to object.

The second response was also not improper. Although the officer expressed his opinion that an assault occurred and, by implication, that Hughley committed it, he did not express his opinion on Hughley's guilt of felonious assault, the charged offense.[12] Hughley admitted that she assaulted the victim when she testified that she deliberately "shoved her." The principal issue at trial was whether Hughley assaulted the victim with a shiny object and the officer offered no opinion regarding whether a weapon was involved. Moreover, even if the statement was improper opinion testimony and counsel's failure to object to the testimony was objectively

---

[4] *Id*. at 644.

[5] *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), vacated in part on other grounds and remanded for resentencing 493 Mich 864 (2012) (citation omitted).

[6] *Roscoe*, 303 Mich App at 644 (citation and quotation marks omitted; alteration in original).

[7] *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012).

[8] *Id*. (citation and quotation marks omitted; first alteration in original).

[9] Hughley also contends that the first response was inadmissible hearsay, but fails to provide any support for this assertion.

[10] *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013) (citation omitted).

[11] *People v Crews*, 299 Mich App 381, 401; 829 NW2d 898 (2013).

[12] See *Fomby*, 300 Mich App at 53.

unreasonable,[13] there is no reasonable probability that this single statement affected the outcome of the trial given Hughley's testimony.[14]  Therefore, reversal is not warranted.[15]

Hughley next contends that she is entitled to a new trial because the victim's medical records, which were admitted as an exhibit at trial, are unavailable on appeal.  We disagree.

Hughley's appellate counsel has submitted an affidavit averring that she requested the medical records from the prosecutor and was told that they had been destroyed.  While an incomplete lower court record may jeopardize a defendant's appeal, "not every gap in a record on appeal requires reversal of a conviction."[16]  The question is whether "the record is inadequate for meaningful appellate review and so impedes the enjoyment of the defendant's constitutional right to an appeal."[17]  A prosecutor's failure to produce an exhibit must so prejudice the defendant, that his constitutional right to appeal has been impeded.[18]  "Whether a record is sufficient in a particular case will . . . depend upon the questions that must be asked of it."[19]  "If the surviving record is sufficient to allow evaluation of defendant's claims on appeal, defendant's right is satisfied[.]"[20]  Reversal is required if the missing record renders it "impossible to review the regularity of the proceedings."[21]

---

[13] See *Roscoe*, 303 Mich App at 643.  We note that defense counsel may have declined to object to the testimony as a matter of trial strategy, believing that the testimony was not prejudicial because he knew that Hughley was not disputing that a physical altercation occurred between herself and the victim and because the officer's testimony did not elaborate on any details of the perceived assault or refer to the presence of a weapon.

[14] See *id*. at 643-644.

[15] To the extent that Hughley also suggests that defense counsel was ineffective for failing to ask questions regarding the officer's investigation, this issue was not presented in Hughley's statement of questions presented and, thus, is waived.  *People v Bennett*, 290 Mich App 465, 484 n 4; 802 NW2d 627 (2010).  Regardless, a review of the trial transcript reveals that defense counsel did ask the officer whether he spoke to anyone else at the store and whether anyone made any statements about the incident.  The officer testified that he spoke with other individuals, but no one observed the incident and no one made any statements regarding what happened.  Thus, Hughley has failed to establish a claim of ineffective assistance of counsel. See *Roscoe*, 303 Mich App at 643-644.

[16] *People v Wilson (On Rehearing)*, 96 Mich App 792, 797; 293 NW2d 710 (1980).

[17] *People v Adkins*, 436 Mich 878, 878; 461 NW2d 366 (1990).

[18] *People v Drake*, 64 Mich App 671, 679; 236 NW2d 537 (1975).

[19] *Wilson*, 96 Mich App at 797.

[20] *People v Audison*, 126 Mich App 829, 835; 338 NW2d 235 (1983).

[21] *People v Horton (After Remand)*, 105 Mich App 329, 331; 306 NW2d 500 (1981).

The exhibit at issue is the victim's medical records relating to her injury. Hughley asserts that the medical records may contain evidence that the victim's injury resulted from something other than a stabbing or may contain statements by the victim that could have been used at trial for impeachment. Thus, Hughley suggests that there may have been evidence undermining an element of the prosecution's case. The record available, including the transcript of the trial, however, is adequate to review the sufficiency of the evidence against Hughley and determine that there was no irregularity in the proceedings.[22] Hughley's claim is purely speculative, unsupported by any independent evidence or offer of proof. Moreover, even if the medical records contained such impeachment evidence, they were submitted to the jury as an exhibit. Accordingly, Hughley is not prejudiced and she is not entitled to appellate relief.[23]

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering

---

[22] See *Adkins*, 436 Mich at 878; *Horton*, 105 Mich App at 331.

[23] See *Wilson*, 96 Mich App at 797; *Drake*, 64 Mich App at 679.