# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

RONALD LEE BOERJAN,

          Defendant-Appellant.

UNPUBLISHED
December 18, 2018

No. 338443
Macomb Circuit Court
LC No. 2015-001418-FH

---

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

A jury convicted defendant of assault with a dangerous weapon (felonious assault), MCL 750.82, two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). Defendant contends that the trial court erred by delaying in appointing appellate counsel, resulting in his prison and probationary sentences being completed before his appeal could be considered. He further contends that the court should have granted him a new trial as recording errors left gaps in the lower court transcripts, further impairing his appellate rights. Defendant has established no prejudice and we affirm.

## I. BACKGROUND

On March 28, 2015, police officers accompanied defendant's ex-wife to the marital home to preserve the peace while movers collected her belongings. During this visit, defendant's rifle was sitting in open view in the corner of his bedroom and he attempted to approach it. The officers asked defendant to place the rifle in a locked room. Defendant searched through dresser drawers, claiming to search for a key to lock up the weapon. Instead, he pulled out a pistol and pointed it at Shelby Township Police Sergeant Greg Neubacher. Officer Terrence Hogan knocked the gun out of defendant's hands and threw defendant on the bed to handcuff him. Officer Brian Bunch was also in the room during these events. Defendant further resisted his transportation to the police station, laying down in the backseat of the cruiser and requiring Officer Paul Fox and Sergeant Neubacher to drag him out.

Jury selection took the entire first day of defendant's trial and a large portion of the second. At the end of the second day, the jury heard the parties' opening statements and the testimony of Officer Bunch. On the third day of trial, the jury heard testimony from Officer Hogan, Sergeant Neubacher, Officer Fox, and defendant's ex-wife. During Officer Fox's

-1-

testimony, the courtroom audio recording "abruptly stopped" for 17 minutes and the video recording cut out for eight. The parties later agreed that very little of Fox's testimony was lost as a result of the equipment malfunction. During the outage, defendant raised a motion for directed verdict of the felonious assault and felony-firearm charge related to Sergeant Neubacher and the recording came back as the court denied that motion. Defendant then called his ex-wife as a defense witness. Nine pages into her testimony, the audio recording against stopped. The video continued without sound at 3:18 p.m. At some unnoted time, the court took a recess and came back into session at 4:06 p.m. The proceedings were video recorded without sound from 4:06 through 5:38. This break led to the loss of the majority of the direct examination and all of the cross-examination of defendant's ex-wife, as well as closing arguments.

On the final day of trial, defendant moved for a mistrial, claiming that his ex-wife's testimony regarding her statement to the police (which was given during the gap in the trial recording) did not match the audio recording from Officer Bunch's body microphone that was played for the jury. Defendant further contended that the information relayed—that defendant had once threatened to shoot his former sister-in-law in the leg—was inadmissible under MRE 404(b) as a prior bad act for which the prosecution provided no advance notice. The court denied defendant's motion because his ex-wife's written police statement was admitted into evidence and the evidence of her conflicting statement was used for impeachment of her testimony, not as substantive evidence of defendant's prior bad act. The jury proceeded to convict defendant of felonious assault as to Officer Hogan, but acquit as to Sergeant Neubacher, convict defendant of the two underlying counts of felony-firearm, and convict on the assaulting, resisting or obstructing charge.

On June 22, 2016, the court sentenced defendant to two years' imprisonment for his felony-firearm convictions and three years' probation for the felonious assault and assaulting, resisting or obstructing convictions. We note that defendant was discharged from prison on April 30, 2018, and from probation on July 11, 2018.

On July 12, 2016, defendant requested the appointment of appellate counsel, but the court did not appoint an attorney until May 2017. With the assistance of that attorney, defendant filed a claim of appeal. He also filed in the trial court motions to settle the record due to the recording errors and for a new trial. Following an off-the-record in-chambers conference, the court denied defendant's motion for a new trial "for the reasons stated on the record." The parties entered a settled statement of facts only as to the first recording interruption. They agreed that the court sustained an objection during Officer Fox's testimony and that only "one or two final questions" to the witness were not recorded. The parties further agreed that the prosecutor did not ask questions on redirect and rested its case-in-chief. Then defendant moved for a directed verdict, which was denied.

## II. GAPS IN THE TRIAL TRANSCRIPTS

On appeal, defendant posits that he was prejudiced by the remaining gaps in the trial transcript related to his directed verdict motion. He contends that although the parties settled that his motion for directed verdict was denied, the reason for the denial is missing. This information was necessary to his appeal, defendant asserts, as the jury reached inconsistent verdicts—

acquitting him of the felonious assault of Sergeant Neubacher but convicting him of the underlying felony-firearm charge.[1]

We review for an abuse of discretion a trial court's decision on a motion for a new trial. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). "An abuse of discretion occurs only when the trial court chooses an outcome falling outside the principled range of outcomes." *Id*. (cleaned up).[2] We review a trial court's underlying factual findings for clear error. *People v Bosca*, 310 Mich App 1, 26; 871 NW2d 307 (2015). Whether a defendant is denied the due process right to proper appellate review due to the unavailability of a transcript is a constitutional issue subject to de novo review. See *People v Jackson*, 292 Mich App 583, 590; 808 NW2d 541 (2011).

MCR 7.210(B) describes what an appellant must do when a transcript is unavailable. "When a transcript of the proceedings in the trial court or tribunal cannot be obtained from the court reporter or recorder, the appellant" must take steps to secure and file a "settled statement of facts to serve as a substitute for the transcript." MCR 7.210(B)(2). The appellee may object to a statement of facts proposed by the appellant, MCR 7.210(B)(2)(b), triggering the trial court's duty to "settle any controversy and certify a statement of facts as an accurate, fair, and complete statement of the proceedings before it." MCR 7.210(B)(2)(c). Defendant complied with this process but now objects that the parties and the court were unable to fill all the holes.

A criminal defendant's right of appeal may be so impaired by the unavailability of trial transcripts that a new trial is required, but this relief is not automatic. *People v Horton (After Remand)*, 105 Mich App 329, 331; 306 NW2d 500 (1981); *People v Jackson*, 95 Mich App 565, 568; 291 NW2d 123 (1980). A defendant's constitutional right to an appeal is satisfied if the surviving record is sufficient to review the defendant's appellate challenges. *People v Federico*, 146 Mich App 776, 799; 381 NW2d 819 (1985); *People v Audison*, 126 Mich App 829, 834-835; 338 NW2d 235 (1983). Whether the record is sufficient "depends on the questions that must be asked of it." *Frederico*, 146 Mich App at 799-800. To warrant a new trial to protect his appellate rights, the defendant must show actual, rather than speculative, prejudice resulting from the missing transcripts. *People v Abdella*, 200 Mich App 473, 476; 505 NW2d 18 (1993).

---

[1] Despite the parties' failure to reach any agreement regarding defendants' ex-wife's testimony, defendant does not challenge the inadequacy of the record in this regard.

[2] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, Cleaning Up Quotations, 18 J App Pract & Process 143 (2017).

The existing record, including the settled statement of facts regarding the stoppage during Fox's testimony and the directed verdict motion, is sufficient to review defendant's appellate challenge to the denial of his motion for directed verdict. First and foremost, the reasoning behind the trial court's decision was transcribed, contrary to defendant's assertion. And the reason given does not merit appellate relief.

A directed verdict is warranted when reviewing the evidence in the light most favorable to the prosecutor, no rational trier of fact could have found the elements of the subject charge proven beyond a reasonable doubt. *People v Couzens*, 480 Mich 240, 244; 747 NW2d 849 (2008). The trial court denied defendant's motion because there was evidentiary support of defendant's felonious assault of Sergeant Neubacher and the underlying felony-firearm charge. "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996) (cleaned up). The jury need only find that the felonious assault was committed with a firearm to convict of felony-firearm. MCL 750.227b. According to Officer Hogan's testimony, defendant pointed a pistol at Sergeant Neubacher with the intent to injure him or place him in fear for his life. Sergeant Neubacher did not know what defendant had done until Officer Hogan tackled him; this may explain the jury's acquittal on that felonious assault charge. It is irrelevant to the current challenge that the jury reached inconsistent verdicts, convicting defendant of felony-firearm despite that it acquitted defendant of the underlying felony. Juries are permitted to reach such inconsistent verdicts. See *People v Lewis*, 415 Mich 443; 330 NW2d 16 (1982).

As the surviving record is clear that the evidence was sufficient to place the charges before the jury, defendant cannot establish the requisite prejudice to warrant a new trial.

## III. DELAYED APPOINTMENT OF APPELLATE COUNSEL

The trial court delayed 10 months after defendant's request before appointing appellate counsel to represent him. We in no way condone this oversight and caution lower courts to carefully avoid depriving defendants of their rights in this manner. However, defendant has again established no prejudice warranting relief.

Defendant timely requested appointed appellate counsel within 42 days of sentencing. See MCR 6.425(F)(1)(c). Such requests must be forwarded to the Michigan Appellate Assigned Counsel System (MAACS) within seven days of receipt and the MAACS then has seven days to determine whether the defendant is eligible for appointed counsel. MCR 6.425(G)(1)(a)-(c). The court then has another seven days to notify the defendant of its decision. MCR 6.425(G)(1)(d). This process may at most span 63 days. The 10-month delay in this case was a clear violation of a court rule intended to protect indigent criminal defendant's constitutional rights.

However, delay in appellate review does not automatically entitle a defendant to a new trial. *People v Missouri*, 100 Mich App 310, 325; 299 NW2d 346 (1980). Rather, "[t]he remedy for dilatory review is review itself." *Id*. This Court accepted defendant's claim of appeal and we have fully considered his challenges. Had defendant demonstrated error requiring reversal of his convictions, and the delay caused him to serve his entire sentence before his appeal was

considered, the question before us would be very different. But defendant's appellate challenge lacks merit, he has not invalidated his convictions, and his sentences were therefore rightfully served. Absent prejudice, defendant is not entitled to relief.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering